UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DEEDS, )<br>       )<br>             Petitioner, )<br>       )<br>vs. )<br>       )<br>JACK PALMER, *et al.,* )<br>       )<br>             Respondents. )<br>_____ / | 3:11-cv-00257-RCJ-VPC<br><br>**ORDER** |

Petitioner, a Nevada state prisoner, has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court now considers the merits of the petition.

**I. PROCEDURAL HISTORY**

Petitioner is incarcerated pursuant to a judgment filed January 9, 1980 (docket #2). He was convicted of two counts of sexual assault and sentenced to two consecutive terms of life in prison with the possibility of parole.

Petitioner filed a post-conviction petition for habeas corpus in state court, which was denied on September 21, 2010. The Nevada Supreme Court affirmed the state district court order on March 17, 2011. Petitioner filed the present action on April 11, 2011.

## II. LEGAL STANDARDS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner claims that his due process rights were violated when he was denied parole in June 2009 and that the application of new parole regulations violated the Ex Post Facto Clause. Petitioner does not challenge the validity of his judgment of conviction, sentence, or computation of time. Moreover, petitioner's claims do not involve a liberty interest. There is no right to parole in Nevada. Nevada Revised Statute 213.10705 provides that the grant of parole is an act of grace by the state, in which no liberty interest exists. *See Severance v. Armstrong*, 96 Nev. 836, 839, 620 P.2d 369, 370 (Nev.1980) ("NRS 213.1099 does not confer a legitimate expectation of parole release and therefore does not create a constitutionally cognizable liberty interest sufficient to invoke due process."). Accordingly, as this petition does not challenge either the fact or duration of petitioner's confinement, his claims are not cognizable in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir.2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.2001). Generally, a

petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** and to close this case.

DATED this 25th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE