UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DEEDS, ) | |
| ) | |
| Petitioner, ) | 3:11-cv-00257-RCJ-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JACK PALMER, *et al.,* ) | |
| ) | |
| Respondents. ) | |

Petitioner, a Nevada state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court denied on April 25, 2011 (docket #4). Judgement was entered on April 26, 2011 (docket #5). Before the court is petitioner's motion for relief from Order denying petition for writ of habeas corpus (docket #6).

Petitioner does not base his motion on any particular aspect of the rules of civil procedure, neither does he cite any statute of legal theory to suggest his right to reconsideration. However, because the motion was made more than ten days after the entry of judgment, Fed. R. Civ. P. 59 cannot apply. Thus, this motion shall be construed to rely on Fed. R. Civ. P. 60. Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

In its order dated April 25, 2011, this court denied the petition because no liberty interest in parole exists in Nevada, and the application of new parole regulations does not implicate the Ex Post Facto Clause (docket #4). Petitioner has failed to make an adequate showing under Rule 60(b) that this court's order denying his petition should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from Order denying petition for writ of habeas corpus (docket #6) is **DENIED.**

Dated this 17th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE